NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re KERRI S. KUHLMANN,**

*Petitioner*

---

2024-115

---

On Petition for Writ of Mandamus to the Merit Systems Protection Board in No. DC-1221-17-0437-W-1.

---

**ON PETITION**

---

Before MOORE, *Chief Judge*, TARANTO and CHEN, *Circuit Judges*.

PER CURIAM.

## O R D E R

Kerri S. Kuhlmann petitions this court for a writ of mandamus seeking review of the January 23, 2024 order of the Merit Systems Protection Board.  Ms. Kuhlmann also moves to "add [the Board] as either primary or sole respondent."  ECF No. 5 at 2.

On January 17, 2018, an administrative judge issued an initial decision denying Ms. Kuhlmann's individual right of action appeal.  She petitioned the full Board for review.  On January 23, 2024, the Board issued an order informing Ms. Kuhlmann that, due to a recusal, "there is no

quorum," and thus, by operation of 5 C.F.R. § 1200.3(b),* the "initial decision now becomes the final decision of the [Board]." ECF No. 2 at 41. Ms. Kuhlmann filed this petition on February 7, 2024.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Thus, a petitioner must show that: (1) she has a clear and indisputable right to relief; (2) she does not have any other adequate method of obtaining relief; and (3) the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted).

A party adversely affected by a final decision of the Board may seek this court's review by filing a petition for review "within 60 days after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1). The petition must, among other things, identify the party seeking review and specify the order or part thereof to be reviewed. Fed. R. App. P. 15(a). Ms. Kuhlmann's petition meets those requirements and would be timely if treated as a petition for review.

Because pursuing a petition for review provides Ms. Kuhlmann the ability to meaningfully challenge the Board's final decision, including the findings and conclusions of the administrative judge and any challenge to the handling of her petition for full Board review, we conclude that the petition for a writ of mandamus should be construed and treated as a timely petition for review and that mandamus relief is not available. *See Bankers Life & Cas.*

---

* Section 1200.3(b) provides that when "Board members are unable to decide any case by majority vote, the decision . . . under review shall be deemed the final decision . . . of the Board."

*Co. v. Holland*, 346 U.S. 379, 383 (1953) (stating "whatever may be done without the writ may not be done with it").

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is denied because the matter is treated as a timely petition for review.  The Clerk of Court is directed to process the petition as such.

(2)  ECF No. 5 is denied.

(3)  The Board shall file the certified list within 40 days from the date the Clerk of Court dockets this matter as a petition for review.  From the date of service of the certified list, Ms. Kuhlmann has 60 days to file her opening brief in which she may challenge any aspect of the Board's January 23, 2024 order as well as the administrative judge's January 17, 2018 decision.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

February 28, 2024
Date